UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HAKEEM TURNER-BEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09-CV-281 RM |
| | ) |
| INDIANA DEPARTMENT | ) |
| OF CORRECTION, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Hakeem Turner-Bey, a prisoner housed at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that ISP officials and employees of Aramark Food Service Corporation violated his right "to practice his religion unmolested despite the fact that adherents of other religions are allowed to practice their religions." (Complaint at 2). Mr. Turner-Bey alleges that he is a practicing Muslim and that "under Islamic Law, we are not to consume any pork products." (*Id.*.). He states in his complaint that the ISP provides "a Halal diet designed for members of the Moslem belief and faith" to avoid pork products, but that on April 8, 2009, "the defendants served the plaintiffs pork ham on the Halal diet" trays. (Complaint at p. 2). The complaint seeks declaratory and injunctive relief, $3,500,000 in compensatory damages, and $3,500,000 in punitive damages. (Complaint at 3-4).

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

Mr. Turner-Bey names the Indiana Department of Correction ("IDOC"), IDOC Commissioner Edwin Buss, ISP Superintendent Mark Levenhagen, and Aramark employees Donna Russell, Malinda Mann, Barny Turnupseed, and Wayne Peeples as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the IDOC as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the Indiana Department of Correction is not a proper defendant in this action.

Mr. Turner-Bey alleges that the defendants violated rights protected by the Free Exercise Clause of First Amendment to the United States Constitution and the Fourteenth Amendment's Equal Protection Clause. He also asserts that their actions violated Articles 1, 3, and 4 of Indiana's Constitution.

Mr. Turner-Bey brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979). Mr. Turner-Bey's claim that the defendants' actions violated provisions of the Indiana Constitution states no claim upon which relief can be granted under § 1983.

Prison administrators must permit inmates a reasonable opportunity to exercise religious freedom. Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972). An inmate's religious rights are subject to restriction, however, and "a prison inmate retains [only] those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "[M]aintaining institutional security and preserving internal order are essential goals that may require limitation or retraction of the retained constitutional rights . . . ." Bell

v. Wolfish, 441 U.S. 520. Federal courts may not interfere in the daily administration of state prisons barring substantial evidence that they have acted disproportionately to correctional needs. Pell, 417 U.S. at 827.

The Fourteenth Amendment's equal protection clause prohibits discrimination and requires the evenhanded treatment of all religions.

> In providing [inmates the] opportunity [to practice their religion], the efforts of prison administrators, when assessed in their totality, must be evenhanded. Prisons cannot discriminate against a particular religion. The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations. Of course, economic and, at times, security constraints may require that the needs of inmates adhering to one faith be accommodated differently from those adhering to another. Nevertheless, the treatment of all inmates must be qualitatively comparable.

Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991) (citations omitted).

Aramark Food Services Corporation has a contract with the IDOC to provide meals to ISP inmates. The complaint establishes that Aramark provides Muslim inmates at the ISP with "Halal diet" trays that contain no pork products. Mr. Turner-Bey alleges that at one meal on April 8, 2009, he was served a Halal diet tray containing pork.

A prison policy of either actually or constructively denying a pork-free diet to Muslim inmates violates their First Amendment rights. Hunafa v. Murphy, 907 F.2d 46 (7th Cir 1990. But Mr. Turner-Bey does not assert that the defendants had a policy of denying Muslim inmates a pork-free diet. Indeed, he states in his complaint that the Indiana State Prison have a policy that Muslim inmates are to receive a pork-free diet. Mr. Turner-Bey's only allegation is that pork appeared on his lunch tray at one meal. Mr. Turner-Bey doesn't

4

allege that this breach of established policy and practice was intentional on the part of any of the defendants, nor does he allege he actually ate the pork that was on his tray.

Negligence generally states no claim upon which relief can be granted in a § 1983 action. McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference); Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) ("When access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs.").

In Chase v. Quick, 596 F.Supp. 33, 34 (D.R.I. 1984), the court dealt with a claim by Muslim inmates that pork occasionally appeared on their meal trays. "Complaint, ¶ IV (4) ("The Muslim meals are not to consist of pork but my tray and other Muslims have received pork."). *Id.* at 34. The court concluded that this allegation stated no claim upon which relief can be granted because "there is nothing to suggest that these occurrences are other than episodic and unintentional (if negligent)." *Id.* at 34.

Muslim inmates have a right to a nutritional non-pork diet. Mr. Turner-Bey's complaint establish that ISP and Aramark officials did not actually or constructively deny a pork-free diet to Muslim inmates. Indeed, the complaint establishes that the defendants have a policy to provide Muslim inmates with a diet that comports with their religion and there is no suggestion in the complaint that the defendants deliberately deviated from that policy on April 8, 2009.

5

Even accepting Mr. Turner-Bey's allegations as true, the mere fact that on one occasion his meal trays contained a pork product demonstrates, at most, negligence on the part of ISP food service personnel. A single inadvertent instance of having pork served on a diet tray did not violate Mr. Turner-Bey's First Amendment right to freedom of religion or his Fourteenth Amendment equal protection rights. While being provided with a diet tray containing pork for one meal on April 8, 2009, might have annoyed and perhaps inconvenienced Mr. Turner-Bey, this isolated negligent act of Aramark employees cannot support a claim that the defendants denied him his First Amendment right to freedom of religion or a claim that the food service personnel violated the Fourteenth Amendment's equal protection clause.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b).

SO ORDERED.

ENTERED: October  19 , 2009

                                              /s/ Robert L. Miller, Jr.  
                                            Chief Judge  
                                            United States District Court

cc: H. Turney-Bey